UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERMAINE A. HARRIS,

    Plaintiff,

v.                                                                                  Case No. 3:25cv1432-TKW-HTC

LT STAFFORD,
OFFICER LOWERY,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Jermaine A. Harris, a prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 alleging violations of his First and Fourth Amendment rights. Doc. 1. After reviewing Harris's complaint and litigation history, the undersigned recommends this case be dismissed on two independent grounds. First, the case should be dismissed because Harris did not submit a motion to proceed *in forma pauperis* or pay the filing fee. Second, Harris failed to truthfully disclose his litigation history.

I. **FAILURE TO ARRANGE PAYMENT AT THE TIME OF FILING SUIT**

Under this Court's Local Rules, a plaintiff who files a civil action must simultaneously pay the filing fee or file a motion for leave to proceed *in forma pauperis*. *See* N.D. Fla. Loc. R. 5.3. Here, Harris did neither. Also, Harris knows

he is obligated to pay the fee at the time of filing, as he was told as much by the Court in a prior case. *See* Doc. 5 at 3 n.1 in *Powell, et al., v. Desantis, et al.*, No. 3:24cv357-MCR-ZCB (N.D. Fla. Aug. 1, 2024)[1] ("Nor was Plaintiff's filing accompanied by the $405.00 fee for filing a civil case ($350.00 filing fee and $55.00 administrative fee), or an application for leave to proceed in forma pauperis. This Court's Local Rules provide that a 'party who files . . . a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915.' N.D. Fla. Loc. R. 5.3.").

## II.  FAILURE TO DISCLOSE

As an additional and independent basis for dismissal, Harris also failed to truthfully disclose his litigation history on the complaint form he submitted to the Court. Section VIII. of the complaint form, titled "PRIOR LITIGATION," asks Harris to identify (1) any federal cases he filed previously which were dismissed prior to service and (2) any other state or federal actions that either challenged Harris's conviction or otherwise related to his conditions of confinement. *See* Doc. 1 at 12-14. The form specifically advised Harris to "err on the side of caution" and

---

[1] Although the complaint in *Powell* was not signed by Harris or the other Plaintiffs, Harris submitted an affidavit in support of the complaint (Doc. 1-6) and submitted several other documents in the case, including a document docketed as an amended complaint (Doc. 14), a notice of inquiry (Doc. 17), a motion for court to intervene (Doc. 19), and several notices (Docs. 20, 21, 22). Thus, Harris was aware of the case. Additionally, a copy of the Court's report and recommendation (Doc. 5) was sent to Harris at Blackwater River Correctional Facility.

warned him that a failure to disclose "all prior state and federal cases" "may result in a dismissal of this case." *Id.* at 11.

Harris did not disclose any federal cases that were dismissed prior to service. However, based on the Court's independent inquiry, the Court takes judicial notice of the following cases filed by Harris, which were dismissed prior to service: *Thomas, et al., v. Moore, et al.*, No. 3:00cv194 (M.D. Fla.) (conditions of confinement case filed in 2000 while a prisoner; dismissed prior to service because co-plaintiffs failed to disclose prior cases) and *Powell, et al., v. Desantis, et al.*, No. 3:24cv738 (M.D. Fla.) (conditions of confinement case filed with a prisoner co-plaintiff); transferred to N.D. Fla. as *Powell, et al., v. Desantis, et al.*, No. 3:24cv357-MCR-ZCB (N.D. Fla.) (dismissed prior to service under rule that prisoners cannot sue as co-plaintiffs).

Harris also did not disclose any federal habeas petitions challenging his conviction, but should have disclosed *Harris v. Sec'y, Dep't of Corr., et al.*, No. 3:12cv1143 (M.D. Fla.) (habeas corpus petition challenging his conviction).[2] All these cases bear Harris's FDOC inmate number, 306314.

---

[2] Although Harris responded affirmatively to Question VIII.C., which asked whether he filed any other lawsuit in state or federal court challenging his conviction or relating to the conditions of confinement, he did not identify any cases by name or number and instead provided only the following information:

Despite these omissions, Harris signed the complaint "under penalty of perjury, that all of the information stated above and included on or with this form, ***including my litigation history***, is true and correct." *Id.* at 15. District courts have the inherent power to dismiss a suit based on a plaintiff's failure to truthfully disclose his litigation history. *See McNair v. Johnson*, 143 F.4th 1301, 1308 (11th Cir. 2025). As one judge in this District has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch, et al.*, No. 4:19cv191-RH-HTC, Doc. 52 at 1–2 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under this Court's inherent power for Plaintiff's failure to truthfully disclose his litigation

---



That scant disclosure is insufficient. If Harris does not have information regarding the cases he filed, it is his obligation to request a list from the clerk in the courts where he has filed cases for missing case information. *See Casey v. Dixon*, 2025 WL 1231883, at *4 (N.D. Fla. Mar. 28, 2025) (recognizing that plaintiff could contact the clerks of the relevant courts to determine cases he has filed).

Case No. 3:25cv1432-TKW-HTC

history and failure to file a motion to proceed *in forma pauperis* or pay the filing fee simultaneously with the filing of the complaint.

    2.    That the clerk be directed to close the file.

At Pensacola, Florida, this 27th day of August, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:25cv1432-TKW-HTC