UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JERMAINE A. HARRIS,**

    **Plaintiff,**

v.                                                         Case No.  3:25-cv-1432-TKW-HTC

**RICKY DIXON, et al.,**[1]

    **Defendants.**

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 3) and Plaintiff's objection (Doc. 4). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3).

The magistrate judge recommended that this case be dismissed for two independent reasons: (1) Plaintiff's failure to pay the filing fee and/or failure to file a motion to proceed in forma pauperis (IFP), and (2) Plaintiff's failure to truthfully disclose his litigation history. The Court agrees that dismissal is warranted based on the second ground.

---

[1] The case style on the Report and Recommendation lists the defendants as Lt. Stafford and Officer Lowery, but that appears to be a scrivener's error because those individuals are not named as defendants in the complaint.

With respect to the first ground, the documents submitted by Plaintiff with his objection appear to show that he provided an IFP motion (along with a transmittal letter to the Clerk) to prison officials for mailing on August 18, 2025, the same date he provided the complaint to prison officials for mailing. Under the "prison mailbox rule," the fact that those documents were not received by the Clerk does not mean that an IFP motion was not "filed." That said, the IFP motion submitted with the objection is legally insufficient because it does not include the statutorily required 6-month inmate trust account statement. *See* 28 U.S.C. §1915(a)(2). That omission would normally result in the IFP motion being denied without prejudice to refiling, but the Court sees no reason to do that here since the case is due to be dismissed on the second ground recommended by the magistrate judge.

With respect to the second ground, it is well-established that "[a]n action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden*, 857 F. App'x 624, 625 (11th Cir. 2021). Plaintiff does not dispute that he failed to fully disclose his litigation history, so dismissal is warranted on that ground.

The Court did not overlook Plaintiff's argument that his failure to fully disclose his litigation history resulted from the loss or destruction of his legal material by prison officials. However, even if that is true, it is not an excuse because

Plaintiff could have (and should have) requested information about his prior cases from the appropriate clerks' offices before he filed a new case. *See Runge v. Desantis*, 2023 WL 5532146, at *1 (N.D. Fla. Aug. 28, 2023) ("[I]f for whatever reason Plaintiff no longer has a list of his prior cases, 'he can (and should) request [that information] from the appropriate clerks' offices before filing a new case.'") (quoting *Bashir v. Meherg*, 2022 WL 4471965, at *1 (N.D. Fla. Sep. 26, 2022)) (alternation in original).

The Court also did not overlook the list of prior cases submitted by Plaintiff with his objection. However, even if that list is accurate and complete, it does not cure Plaintiff's failure to truthfully disclose those cases in his complaint. *See Wromas v. Cromartie*, 2022 WL 1450704, at *1 (N.D. Fla. May 9, 2022) (citing multiple cases for the proposition that "[t]he Court cannot simply allow [the prisoner] to file an amended complaint listing the omitted case because that would not be an adequate sanction or deterrent."); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) (explaining that "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form."); *Easley v. Inch*, 2019 WL 3774617, at *2 n.2 (N.D. Fla. Aug. 12, 2019) (noting that

"it would make a mockery of the judicial process if a plaintiff was allowed to wait until after the magistrate ruled to fully disclose his or her litigation history").

Accordingly, for the reasons stated above, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is DISMISSED without prejudice based on Plaintiff's failure to truthfully disclose his litigation history.

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE AND ORDERED** this 19th day of September, 2025.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**